UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

UNITED STATES OF AMERICA

-vs-                                                                            Case No.  5:04-cr-38-Oc-10GRJ

RAMON LUIS GONZALEZ
_____/

**O R D E R**

This case is before the Court for consideration of *pro se* Defendant Ramon Luis Gonzalez's eight motions to dismiss the indictment (Docs. 69-74, 76, & 77).[1] The Defendant is an inmate in the Federal Correctional Complex at Coleman, Florida. The indictment charges the Defendant with four counts:

> Count one - conspiracy to distribute heroin or possess heroin with intent to distribute it, a violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C);
> Count two - distribution of heroin and possession of heroin with intent to distribute it, a violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C);
> Count three - possession of heroin while an inmate of a federal prison, a violation of 18 U.S.C. § 1791(a)(2), (b)(1), and (d)(1)(C);
> Count four - providing heroin to an inmate of a federal prison, a violation of 18 U.S.C. § 1791(a)(1), (b)(1), and (d)(1)(C).

For the reasons that follow, the Defendant's motions are due to be denied.

**1. Comprehensive Crime Control Act**

As best as can be determined, the Defendant argues that the Comprehensive Crime Control Act, which he says was passed by Congress as a rider to a joint resolution, is

---

[1] Following a hearing on the matter and in accordance with Faretta v. California, 422 U.S. 806 (1975), the Court concluded that the Defendant had made a knowing and voluntary waiver of his sixth amendment right to counsel and granted the Defendant's motion to proceed pro se. Doc. 39.

unconstitutional because the rider, or the joint resolution, had by its own terms expired before enacted into law. For the reasons stated in the Government's response (Doc. 88), the motion is due to be denied. First, the provisions that the Defendant claims are unconstitutional relate to sentencing and do not relate to the substantive criminal laws he is charged with violating. Therefore, even if the Act were somehow unconstitutional, it would not bar the prosecution of his case. Second, several Court's have considered similar challenges to the Act's constitutionality and have found them to be without merit.[2] Accordingly, the Defendant's "Motion to Dismiss Indictment Based on the Comprehensive Crime Control Act Which is Void and Invalid" (Doc. 69) is due to be denied.

## *2. Counts One and Two do not Allege Effect on Interstate Commerce*

The Defendant argues that counts one and two, charging violations of 21 U.S.C. § 841(a)(1) and § 846, should be dismissed because the Government has not alleged that his conduct affected interstate commerce. This argument has been considered and rejected by other courts holding that these statutes are within Congress' power to criminalize drug trafficking under the commerce clause.[3] In passing these statutes Congress made detailed findings that manufacture, distribution, and possession of controlled substances, as a class of activities, "have a substantial and direct effect" on interstate drug trafficking such that intrastate and interstate regulation of these activities is

---

[2] See United States v. Wacker, 1998 WL 976311 (D. Kan. Sept. 3, 1998); United States v. Powell, 761 F.2d 1227 (8th Cir. 1985); Edge v. United States, 2001 WL 34681753 (D.S.C. May 23, 2001).

[3] United States v. Lopez, 459 F.2d 949, 953 (5th Cir. 1972); United States v. Leshuk, 65 F.3d 1105, 1112 (4th Cir. 1995) (holding that United States v. Lopez, 514 U.S. 549 (1995), did not alter prior decisions upholding the constitutionality of the statutes under Congress' commerce clause power); United States v. Wacker, 72 F.3d 1453, 1475 (10th Cir. 1995) (same).

required.[4] Therefore, it is immaterial to the constitutionality of § 841(a)(1) and § 846 that the activities giving rise to the charges against the Defendant occurred in a federal prison. Accordingly, the Defendant's "Motion to Dismiss Counts One and Two in the Indictment for Defect in the Prosecution and Due Process Violations" (Doc. 70) is due to be denied.

### 3. *Double Jeopardy Concerns*

The Defendant argues that counts two, three, and four are multiplicitous because they are predicated on the "same acts, dates, and occasions" as count one. The Court agrees with the Government's arguments in opposition (Doc. 90). Each count in the indictment requires proof of an element not required by the others.[5] Count one charges the Defendant with conspiring to distribute heroin and to possess heroin with the intent to distribute it, in violation of 21 U.S.C. § 846. Count two charges the Defendant with distributing heroin and possessing heroin with the intent to distribute. As such, count one requires the Government to prove that the Defendant was involved in an unlawful conspiracy; while count two does not. Count two requires the Government to prove that the Defendant distributed heroin or actually possessed heroin with the intent to distribute it; count one does not. Count three charges the Defendant with possessing heroin as an inmate of a federal prison, in violation of 18 U.S.C. § 1791(a)(2). Count four charges the Defendant with providing heroin to an inmate of a federal prison, in violation of 18 U.S.C. § 1791(a)(1). Thus, count three requires the Government to prove that the Defendant was an inmate in a federal prison - an element not required by the other three counts. Count

---

[4] Leshuk, 65 F.3d at 1112.

[5] United States v. Costa, 947 F.2d 919, 926 (11th Cir. 1991) ("In order to avoid multiplicity, only one fact or element need be different between each charge." (citing Blockburger v. United States, 284 U.S. 299, 304 (1932)).

3

four requires the Government to prove that the person to whom the Defendant provided heroin was an inmate in a federal prison - an element not required by the other three counts. Accordingly, the Defendant's "Motion to Dismiss Indictment Under Counts Three and Four on the Grounds of Double Jeopardy" (Doc. 71) and the Defendant's "Motion to Dismiss Indictment For Insufficiency, Duplicity, and Multiplicity in Violation of the 'Double Jeopardy Clause'" (Doc. 72) are due to be denied.

### *4. Violation of FBI Undercover Guidelines*

The Defendant argues that the indictment should be dismissed because the Government violated FBI guidelines for undercover operations by allowing its confidential informants, fellow inmates Eric Jones and William Walker, to continue to run an illegal gambling operation in the prison during the investigation. The Court agrees with the Government's response in opposition (Doc. 95). The Defendant has cited no cases, and the Court as found none, holding that an indictment should be dismissed for the Government's violation of an agency's investigation policies. Indeed, several courts have held that an agency's violation of its own policies does not warrant dismissal of an indictment.[6] Accordingly, the Defendant's "Motion to Dismiss Indictment for Defect in the Prosecution and Due Process Violation" (Doc. 73) is due to be denied.[7]

---

[6] See, e.g., United States v. Marbelt, 129 F. Supp. 2d 49, 56 (D. Mass. 2000) ("A showing that the Customs Service had not followed its internal guidelines is not a valid defense to the crime charged." (citing United States v. Caceres, 440 U.S. 741 (1979) (failure of IRS to follow agency regulations for recording conversations did not require suppression of the recordings)).

[7] To the extent that the Defendant argues that the Government's conduct in permitting the confidential informants to continue to operate the illegal gambling business constitutes "outrageous" governmental conduct, the Court concludes that this conduct does not rise to the level of a Fifth Amendment violation. Outrageous governmental conduct may constitute a legal defense to prosecution. United States v. Haimowitz, 725 F.2d 1561, 1577 (11th Cir. 1984) (citing
(continued...)

*5. Government Conspiracy and Violation of 18 U.S.C. §§ 201(c)(2) & 930*

The Defendant argues that the indictment should be dismissed because the Government engaged in a conspiracy with its confidential informant, William Walker, to violate a federal bribery statute, 18 U.S.C. § 201(c)(2), making it a crime to directly or indirectly give, offer, or promise anything of value to any person for or because of his or her testimony under oath. According to the Defendant, Walker gave or promised to give Eric Jones, another confidential informant, a sentence reduction for his participation in developing the case against the Defendant. The Government denies the Defendant's version of the facts, and states that Walker voluntary offered to cooperate in the investigation, asking in exchange that any benefit from his cooperation inure to the benefit of his friend, Jones. The Government says that it did not promise any sentence reduction, but told Walker that it would recommend a reduction and that it was ultimately up to the sentencing judge. Regardless, the Court agrees that had such a promise been made, it would not constitute a violation of the bribery statute. The Eleventh Circuit has specifically held that "agreements in which the government trades sentencing recommendations or

---

⁷(...continued)
United States v. Russell, 411 U.S. 423 (1973)). "To succeed under this defense, the defendant must show that the challenged governmental conduct violated 'that fundamental fairness, shocking to the universal sense of justice,' mandated by the due process clause of the fifth amendment." Id. (quoting Russell, 411 U.S. at 432). "Whether outrageous governmental conduct exists 'turns upon the totality of the circumstances with no single factor controlling' and the defense 'can only be invoked in the rarest and most outrageous circumstances.'" Id. (quoting United States v. Tobias, 662 F.2d 381, 387 (5th Cir. Unit B. 1981)).

5

other official action or consideration for cooperation, including testimony, do not violate 18 U.S.C. § 210(c)(2)."[8]

The Defendant also argues that the indictment should be dismissed because the Government violated 18 U.S.C. § 930, which prohibits the possession of dangerous weapons in a federal prison, when it allowed its agents and informants to possess heroin inside Coleman during the course of investigation of drug activities there. Regardless of whether such a violation would warrant dismissal of the indictment and regardless of whether the statute contemplates heroin as a "dangerous weapon," the statute specifically excludes the "lawful performance of official duties by an officer, agent or employee of the United States . . . who is authorized by law to engage in or supervise the prevention, detection, investigation or prosecution of any violation of law."[9] There is no indication that the Government permitted its agents or informants to possess heroin in Coleman without proper authorization. Accordingly, the Defendant's "Motion to Dismiss Indictment for Government Conspiracy and Violation of 18 U.S.C. Sec. 930" (Doc. 74) is due to be denied.[10]

### 6. Sixth Amendment Right to Counsel

The Defendant argues that the indictment should be dismissed because his sixth amendment right to counsel was violated when the Government kept him in administrative

---

[8] United States v. Lowery, 166 F.3d 1119, 1124 (11th Cir. 1999).

[9] 18 U.S.C. § 930(d)(1).

[10] To the extent that the Defendant argues that the Government's conduct was "outrageous" enough to warrant the dismissal of the indictment on Fifth Amendment grounds, the Court disagrees. See, e.g., United States v. Sanchez, 138 F.3d 1410, 1413 (11th Cir. 1998) ("The fact that government agents may supply or sell illegal drugs or provide other essential services does not necessarily constitute misconduct.").

detention for over ninety days for the same conduct alleged in the indictment and refused to allow him to contact an attorney. The motion must be denied for the reasons stated in the Government's response (Doc. 93). The Supreme Court in United States v. Gouveia reversed the case cited by the Defendant and concluded that the defendants in that case were not constitutionally entitled to counsel while in administrative segregation before any adversarial judicial proceedings had been initiated against them.[11] Accordingly, the Defendant's "Motion to Dismiss Indictment on the Grounds that Defendant was Denied his Sixth Amendment Right to Counsel" (Doc. 76) is due to be denied.

### 7. *The Interstate Agreement on Detainers*

Lastly, the Defendant argues that the indictment should be dismissed because the Government somehow violated the Interstate Agreement on Detainers, 18 U.S.C. App.2, § 2, because he will not be brought to trial within 180 days after a detainer was lodged against him while he was a prisoner at Coleman. The Interstate Agreement on Detainers is wholly inapplicable. The IADA applies only to transfers between member states and the United States. It does not apply to a federal prisoner held for trial on federal charges, especially when the prisoner is not set to be transferred anywhere.[12] Accordingly, the Defendant's "Motion to Dismiss Indictment with Prejudice Pursuant to Article III(a) & V(c) of the Interstate Agreements on Detainers" (Doc. 77) is due to be denied.

---

[11] United States v. Gouveia, 467 U.S. 180, 192 (1984), *reversing* 704 F.2d 1116 (9th Cir. 1983).

[12] Hunter v. Samples, 15 F.3d 1011, 1012 (11th Cir. 1994) ("[T]he IADA is by its nature an agreement among the governments of member states and the United States; it does not apply to transfers of prisoners within the federal system.").

## Conclusion

Accordingly, upon due consideration, it is adjudged that: the Defendant's "Motion to Dismiss Indictment Based on the Comprehensive Crime Control Act Which is Void and Invalid" (Doc. 69), "Motion to Dismiss Counts One and Two in the Indictment for Defect in the Prosecution and Due Process Violations" (Doc. 70), "Motion to Dismiss Indictment Under Counts Three and Four on the Grounds of Double Jeopardy" (Doc. 71), "Motion to Dismiss Indictment For Insufficiency, Duplicity, and Multiplicity in Violation of the 'Double Jeopardy Clause'" (Doc. 72), "Motion to Dismiss Indictment for Defect in the Prosecution and Due Process Violation" (Doc. 73), "Motion to Dismiss Indictment for Government Conspiracy and Violation of 18 U.S.C. Sec. 930" (Doc. 74), "Motion to Dismiss Indictment on the Grounds that Defendant was Denied his Sixth Amendment Right to Counsel" (Doc. 76), and "Motion to Dismiss Indictment with Prejudice Pursuant to Article III(a) & V(c) of the Interstate Agreements on Detainers" (Doc. 77) are DENIED.

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida this 19th day of April, 2005.

*[signature]*

UNITED STATES DISTRICT JUDGE

Copies to:   United States Attorney
United States Marshal
United States Probation Office
U.S. Pretrial Services Office
Maurya McSheehy, Courtroom Deputy
Ramon Luis Gonzalez